# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:08-cr-00232-LJO-1 |
| Plaintiff-Respondent, | ORDER TO SHOW CAUSE RE: PETITIONER'S MOTION TO |
| v. | VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO |
| DANIEL SALINAS, | 28 U.S.C. § 2255 |
| Defendant-Petitioner. | (ECF No. 23) |

On March 2, 2017, appointed counsel filed a motion to vacate, set aside, or correct Petitioner Daniel Salinas' sentence (ECF No. 448), pursuant to Title 28, United States Code, Section 2255 ("Motion"), raising issues related to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). According to Petitioner's motion, his sentence was enhanced pursuant to the residual clause of United States Sentencing Guidelines ("Guidelines") § 4B1.2. Petitioner argues that his sentence is unconstitutionally vague in light of the Supreme Court's analysis in *Johnson*. In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held that the Guidelines are not subject to vagueness challenges "because they merely guide the district court's discretion" and because "[t]he advisory Guidelines . . . do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* at 874. Therefore, because the

1

sole basis upon which Petitioner challenged his sentence under § 2255 has been foreclosed by the Supreme Court, Defendant is ordered to show cause **on or before October 6, 2017** why the Motion should not be summarily denied. Alternatively, Defendant may withdraw the Motion.

IT IS SO ORDERED.

Dated: **September 5, 2017**         /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE